IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THEODORE M NICKENS,  :
       Plaintiff,  :
      v.  :  Case No. 3:05-cv-269-KRG-KAP
PENNSYLVANIA DEPARTMENT OF  :
CORRECTIONS, JEFFREY BEARD,  :
Secretary, Pennsylvania  :
Department of Corrections,  :
DAVID J. GOOD, WARDEN, S.C.I.  :
CRESSON, and REBECCA REIFER,  :
Assistant Warden,  :
       Defendants  :

### Report and Recommendation

#### Recommendation

Pending are cross motions by plaintiff, docket no. 36, and defendants, docket no. 43, for summary judgment on the issue of liability. In light of the record, summary judgment should be granted to defendants.

#### Report

Plaintiff is incarcerated at S.C.I. Cresson. Plaintiff alleges that his wife is deaf and that there is no TTY/TDD at the prison, so that he cannot communicate with her (except of course by writing.) Plaintiff filed a complaint claiming that the defendants are violating the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., by failing to provide him with a real time communications device.

Defendants move for summary judgment on the ground, inter alia, that plaintiff lacks standing because any legal claim arising from the violation would be the claim of the person who had the disability. Defendants are correct that plaintiff lacks standing.

To have standing under the ADA (or any other federal law) a plaintiff must show that he has suffered some concrete and particularized injury, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), separate and apart from the world in general. For instance, under the ADA, a legal injury is "a real and immediate threat that a particular (illegal) barrier will cause future harm." Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005), quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir.2003)(Title III of the ADA). A plaintiff cannot proceed by simply noting a condition that would violate the ADA by constituting a barrier to a disabled person: plaintiff must actually be the person impaired. If it were otherwise, any inmate at the prison could contend that the lack of a TTY (or an improper number of handicapped parking spaces, or urinals placed at the wrong height, or doorknobs in the wrong shape, or any of the other ADA claims I have actually dealt with in non-inmate cases) gave rise to a claim. Standing rules were designed to maintain courts as forums for resolving real cases and controversies, and not hypothetical controversies.

Naturally, there is the doctrine of third party standing, which allows persons closely related to the person who would have the legal claim to act as plaintiffs. Taliaferro v. Darby Township Zoning Board, 458 F.3d 181 (3d Cir.2006). However, to confer third party standing there must be some reason (the third party's young

2

age or the sensitive nature of the facts underlying the legal issues being the most usual ones) why the third party cannot act on her own behalf. Id., 458 F.3d at 189 n.4; see also Kowalski v. Tesmer, 543 U.S. 125, 130 (2004)(noting that with few exceptions "we [i.e., the Supreme Court] have not looked favorably on third party standing." And see Miller v. Albright, 523 U.S. 420 (1998)(daughter without standing to raise father's claim); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 233-34 (1990)(in dictum, doubtful whether husband had standing to bring wife's claim). There is no evidence in the record that plaintiff's wife wants to talk to him, much less that she feels the lack of a TDD impairs her in any way, and there is certainly no evidence that if those first two conditions troubled her she would be unable to file her own complaint. Plaintiff recognizes that he has presented no such evidence but asserts that he can just "add her to the suit and up the sum [sought as damages]." docket no. 47-1 at 9. If that is so, then plaintiff certainly has no third party standing. Summary judgment should be entered for defendants.

3

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 23 March 2007

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Theodore M. Nickens AY-4528
S.C.I. Cresson
P.O. Box A
Cresson, PA 16699-0001

4